**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 12-351-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Robert James Rossignol, ) | |
| Defendant. ) | |

Defendant is charged in this case with theft of mail by a postal employee. Pending before the Court is Defendant's motion to dismiss the indictment. Defendant seeks to dismiss the indictment on fundamental fairness grounds. More specifically, Defendant argues that he cooperated in the investigation against him within the post office, and entered into an agreement to resolve all issues involving this alleged theft. Thus, Defendant concludes that on fundamental fairness grounds, the U.S. Attorney's Office should be bound by the post office's agreement.

**Law**

It has long been the law that the government's failure to keep a commitment which induces a guilty plea requires that the judgment be vacated and the case remanded. [citation omitted]. A cooperation agreement is analogous to a plea agreement. [citation omitted]. The government is held to the literal terms of the agreement, and ordinarily must bear responsibility for any lack of clarity. [citation omitted]. Enforcement of the agreement requires that the person making the promise be authorized, and that the promisee rely on the promise to his detriment.

1 *Thomas v. Immigration and Naturalization Service*, 35 F.3d 1332, 1337 (9th Cir. 1994).

2 **Agreement in this case**

3 An agreement was reached between the Union and the post office regarding the end
4 of Plaintiff's employment. Doc. 28-1 (Attachment A). It is undisputed that the end of
5 Plaintiff's employment arose from the same facts as the indictment in this case. From the
6 agreement, it appears that Defendant had filed a grievance regarding his termination. *Id.*
7 The parties agreed to several items, including that Defendant would voluntarily resign, that
8 the resignation would be characterized as for "personal reasons," that Defendant would
9 withdraw his grievance, and that the agreement would be a full settlement of Defendant's
10 grievances, protests and complaints. *Id.* Finally, the agreement states, "This agreement
11 constitutes full and final settlement of all issues pertaining to the above stated grievance."
12 *Id.*

13 **Analysis**

14 Before the Court reaches the two steps of *Thomas*, namely that 1) the person making
15 the promise was authorized; and 2) that the promisee relied, the Court must decide if there
16 was a promise. *See* 35 F.3d at 1337.

17 In *Thomas*, the Court found that the INS was bound by the Unites States Attorney's
18 Office's agreement not to oppose a motion for relief from deportation. *Id.* at 1337-38. The
19 Court relied heavily on the fact that the written agreement plainly and unambiguously stated
20 that the "government" would not oppose "motions for 'relief from deportation to the ... U.S.
21 Immigration Service.'" *Id.* (quoting the agreement between the parties). Similarly, in
22 *Morgan v. Gonzales*, 495 F.3d 1084, 1091 (9th Cir. 2007), the Court held that no evidentiary
23 hearing was necessary on Morgan's due process claim because Morgan failed to allege that
24 an actual promise was made.

25 Here, in the document presented to the Court, there is no promise not to prosecute.
26 All the documents states is that the agreement resolves all issues related to the "grievance."
27 Doc. 28-1 (Attachment A). Although neither party provided a copy of the grievance, the
28 Court finds nothing in the agreement that references any proceedings outside the grievance

1  — specifically, there is no reference to any future criminal court proceedings. Therefore, the
2  Court finds that, on this record, Defendant has failed to establish that any promise was made
3  to him that could be a due process violation.

4  **Evidentiary Hearing**

5  Defendant has not requested an evidentiary hearing; accordingly, the Court will not
6  set one. However, the Court notes that in the motion to dismiss, counsel argues,
7  "Accordingly to [Defendant], he was told by [United States Post Office] officials that by
8  entering into this agreement there would bo no felony prosecution do to the fact that he
9  cooperated with the investigation and because of his 18 years of service to the [United States
10 Postal Service]." Doc. 27 at 3. If this allegation is true, then an express promise would have
11 been made to Defendant. However, as discussed above, the Court finds no evidence of this
12 promise in the agreement that was submitted.

13 Further, there is no evidence in this record that such a promise was made. For
14 example, no affidavit of Defendant was attached to the motion. And as discussed above, no
15 evidentiary hearing was request wherein Defendant might testify that this promise was made
16 to him and by whom. Based on the test of *Thomas*, who made the promise is critical to the
17 determination of whether he/she could bind the U.S. Attorney's office. *See United States v.*
18 *Flemmi*, 225 F.3d 78, 85 (1st Cir. 2000) (discussing express and implied authority to bind
19 the federal government). Accordingly, the Court cannot grant relief based on the arguments
20 of counsel made in the motion.

21 **Conclusion**

22 Based on the foregoing, **IT IS ORDERED** that the motion to dismiss the indictment
23 (Doc. 27) is denied, without prejudice. If defense counsel seeks reconsideration and an
24 evidentiary hearing, he shall move for both by noon, August 15, 2012.

25 DATED this 14th day of August, 2012.

James A. Teilborg
United States District Judge